UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

DANIEL LEE ZARSKE,

      Debtor.
_____/

Case No. 21-20420-dof
Chapter 13 Proceeding

Hon. Daniel S. Opperman

## OPINION SUSTAINING THE CHAPTER 13 TRUSTEE'S OBJECTIONS TO PROOF OF CLAIM NOS. 10 AND 11

### Introduction

The Chapter 13 Trustee, Thomas McDonald, objects to the claims of Diane Reynolds, Proof of Claim No. 10, and the claim of JoAnn Zarske, Proof of Claim No. 11. The Trustee asserts that these claims were filed late and should, thus, be disallowed. Both claimants respond that the Court should excuse the late filing under the circumstances and overrule the Trustee's Objections. For the reasons that follow, the Court sustains the Trustee's Objections.

### Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

### Findings of Fact

This Chapter 13 case was filed by Debtor on April 8, 2021. Notice was given to all creditors of the bankruptcy filing by notice dated and mailed on April 11, 2021. Part of this

1

notice included notice of the deadline to file proofs of claim, which was June 17, 2021. On June 18, 2021, one day past the deadline, Diane Reynolds filed Proof of Claim No. 10-1 in the amount of $86,332.70, stating an "estate inheritance" as the basis for this claim. Also on June 18, 2021, JoAnn Zarske filed Proof of Claim No. 11-1 in the amount of $66,836.70, stating an "estate inheritance" as the basis for this claim.

The Trustee's basis for his claim objections is simple. These claims were filed late and should be disallowed under Federal Rule of Bankruptcy Procedure 3002(c), which requires the proof of claim be timely filed. A proof of claim in a Chapter 13 case is timely if it is filed no more than 70 days after the filing of the case. In this case, the 70th day after the case filing was June 17, 2021.

Claimants filed joint responses to the Trustee's claim objections. Claimants' attorney states that he delivered the proofs of claim for filing to the law firm he sold his practice to so that they could handle the filing. Claimants' attorney states that he dropped off the proofs of claim on June 14, 2021, so that they could be timely filed. Claimants' attorney states that he had "discussed" these proofs of claim with Debtor's counsel prior to the filing as well. Claimants' attorney states that due to the new law firm's staff being "new to bankruptcy and . . . inexperience[]" with filing pleadings electronically, the new law firm filed the proofs of claim one day late. Claimants' attorney requests that [g]iven the nature of the late filing, [due to] no fault of the creditors," these claims be allowed.

Law and Analysis

The Court begins its analysis with the general rule that late filed claims filed in Chapter 13 cases are disallowed. The Sixth Circuit case of *Internal Revenue Service v. Chavis (In re*

*Chavis)*, 47 F.3d 818 (6th Cir. 1995) holds that late filed claims in a Chapter 13 should not be allowed "so that the efficacy of the plan may be determined in light of the debtor's assets, debts and foreseeable earnings." *Id*. at 824.

While not directly raised by Claimants, the Court also considers whether an informal proof of claim was in existence prior to the claims bar deadline. This would allow this Court "to treat the pre-bar date filings of a creditor as an informal proof of claim which can be amended after the bar date so that it is in conformity with the requirements of Fed. R. Bankr. P. 3001(a)." *Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000) (citing *Hutchinson v. Otis*, 190 U.S. 552, 555 (1903); *J.B. Orcutt Co. v. Green*, 204 U.S. 96, 102 (1907)).

> Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules. . . . The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*Id*. at 608-09 (internal quotation marks and citation omitted).

In the Sixth Circuit, a four-part test has been established for informal proofs of claim:

> 1. The proof of claim must be in writing;
> 2. The writing must contain a demand by the creditor on the debtor's estate;
> 3. The writing must express an intent to hold the debtor liable for the debt; and
> 4. The proof of claim must be filed with the bankruptcy court.

*Id*. at 609 (citation omitted).

3

These four factors establish the validity of the proposed claim. *Id*. Under the Sixth Circuit standard, the inquiry does not end there as there is a "fifth and arguably most critical element of the analysis-whether allowance of the informal proof of claim would be equitable under the circumstances." *Id*. at 609-10. "Whether an informal proof of claim should be allowed is an equitable determination by the bankruptcy court. Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion." *Id*. at 607. In *M.J. Waterman & Associates*, the Sixth Circuit Court of Appeals found no abuse of discretion by the bankruptcy court in disallowing a claim that met the first four elements but failed the fifth element. Other parties in interest were required "to sift through" the creditor's "multiple," "voluminous" and "imprecise" pleadings to ascertain the creditor's exact demands, causing undue delay and prejudice to the debtor and other creditors. *Id*. at 610-11.

In this case, the Claimants filed their proofs of claim one day late and under circumstances of unfortunate inexperience and mistake. With these facts, the Court is compelled to consider the equities of the case. However, the first and most critical element of an informal proof of claim is a writing, which is not present here. If there is no writing, there can be no demand or expression of intent to hold the Debtor liable for a debt, which are the second and third elements. Without a writing, there is nothing to file with the Bankruptcy Court.

At oral argument on July 21, 2022, the Court invited counsel for Claimants to supplement the record with evidence of an informal proof of claim. Claimants did not file any such supplement. Counsel for Debtor and the Trustee filed post-hearing briefs. With this claim undisputedly being filed late, and with no evidence of an informal proof of claim based upon the record in this case, the Court sustains the Trustee's objections.

The objection of the Chapter 13 Trustee to Proof of Claims Number 10 and Number 11 is sustained. The Court will enter an Order consistent with this Opinion.

**Signed on September 8, 2022**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge